IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM TATE | ) |
| | ) |
| v. | ) NO. 3:09-0201 |
| | ) JUDGE CAMPBELL |
| HARTSVILLE/TROUSDALE COUNTY | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Class Certification (Docket No. 23). The Court heard argument on Plaintiff's Motion on November 19, 2009. For the reasons stated herein, Plaintiff's Motion is GRANTED.

FACTS

Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, against Defendant Hartsville/Trousdale County (hereafter, "Trousdale County")[1], alleging that Defendant's process of setting bail is unconstitutional under the Eighth and Fourteenth Amendments. Specifically, "Plaintiff asserts that Defendant's arbitrary system for setting bail is based upon something other than the statutory elements or individualized assessment required by law and, thus, violates the constitutional rights of Plaintiff and others similarly situated to him." Complaint (Docket No. 1), p. 1. Plaintiff seeks injunctive relief and compensatory damages.

Plaintiff has moved for class certification of a class he defines as "all former, current, and future individuals who are presented to a Trousdale County judicial commissioner for the setting of bail." Docket No. 24, p. 3. At the hearing, Plaintiff's counsel clarified that Plaintiff seeks certification of a class to include all former individuals who were presented to a Trousdale County

---

[1] Defendant Hartsville/Trousdale County is a consolidated metropolitan government.

judicial commissioner for the setting of bail within the one-year statute of limitations for Section 1983 actions; that is, since March 2, 2008 (one year prior to the filing of this action).

Defendant argues that Plaintiff has no colorable or viable claim and, therefore, cannot proceed to represent the interests of the proposed class. Defendant asserts that Plaintiff has raised solely an Eighth Amendment excessive bail claim, not a due process claim; that Plaintiff has admitted that his own bail was not excessive; and that any determination as to the excessiveness of bail would involve individualized analyses which preclude class certification.

## CLASS ACTIONS

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Rule 23(b)(2), under which Plaintiff seeks certification, authorizes a class action if Rule 23(a) is satisfied and the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002). The decision whether to certify a class, committed to the sound discretion of the district judge, turns on the

particular facts and circumstances of each individual case. *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994).

Numerosity

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members is impracticable. The Sixth Circuit has directed that this Court must determine whether joinder of all members would be impracticable and, in so doing, there is no specific number below which class action relief is automatically precluded. *Staley v. Wilson County*, 2006 WL 2401083 at * 5 (M.D. Tenn. Aug. 18, 2006) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 (6th Cir. 1976)).

The parties' dispute concerning numerosity revolves around the nature of Plaintiff's claim. Defendant does not contest the number of persons allegedly encompassed by Plaintiff's purported class, but it argues that Plaintiff cannot represent the purported class because Plaintiff himself has no valid Eighth Amendment claim and, in any event, claims for excessive bail under the Eighth Amendment are, by nature, individualized claims.

The Court finds that Plaintiff has sufficiently pled a colorable or viable claim under the Eighth and Fourteenth Amendments. Plaintiff's Complaint states, on the first page, that is brought "to redress the violation of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution." Plaintiff claims that the process of setting bail in Trousdale County is unconstitutional under the Eighth and Fourteenth Amendments. Plaintiff has satisfied the numerosity requirement by stating a colorable claim that Trousdale County, as a matter of policy, sets bail arbitrarily, in violation of the Eighth and Fourteenth Amendments. *See Staley* at * 6.

Plaintiff's purported class must be limited, however, by the applicable statute of limitations, as acknowledged by Plaintiff's counsel at the hearing. In addition, any "future" members of the class would be limited to injunctive relief only.

Commonality

The question of whether there are common issues of law or fact is qualitative rather than quantitative, and there need be only one single issue common to all members of the class in order to satisfy the requirement. *In re American Medical Systems, Inc.*, 75 F.3d 1069,1080 (6th Cir. 1996).

Plaintiff's identification of the common questions of law and fact focuses on the process of setting bail in Trousdale County. Defendant's attack on commonality focuses on the reasonableness of each individual's bail decision. Plaintiff maintains that Defendant sets bail arbitrarily. He does not complain about the dollar amount, but rather the system by which that amount is set.

Plaintiff asserts that the common questions of fact and law include:

(1) Is there a practice, pattern or policy within Trousdale County of arbitrarily setting bail without an individualized analysis of the pretrial detainees' likelihood to flee or to be a danger to the community?

(2) Is bail customarily set by an arbitrary formula that is subjectively based on the judicial commissioner's beliefs without regard to criteria mandated by law and reasonably related through an objective standard to the purpose behind setting bail?

(3) Is bail used for punitive reasons, such as for being a repeat offender or showing disrespect to the law or for demanding to consult with an attorney?

(4) Is bail sometimes denied by a judicial commissioner merely on the request of law enforcement wishing to have more time to gather evidence or to question the suspect, revealed by the annotation, "hold for investigation" or denied without reason or explanation?

4

Although, as Defendant contends, bail was set individually for each purported class member, creating individualized factual situations, the issues identified by Plaintiff relate to *process* of setting bail, which is conduct applicable to all class members. Whether such a process or conduct existed is a question common to all class members. As to the alleged arbitrary process of setting bail, Plaintiff has satisfied the commonality requirement of Rule 23(a).

Typicality and Adequacy

The claims of the representative party must be typical of the claims of the class and the representative party must be able to fairly and adequately protect the interests of the class in order to meet the requirements of Rule 23(a). In other words, there must be a nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class. *Taylor v. Flagstar Bank*, 181 F.R.D. 509, 517 (M.D. Ala. 1998). A plaintiff's claim is typical if it arises from the same event or practice or course that gives rise to the claims of other class members or if it is based on the same legal theory. *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 443 (S.D. Ohio 2009). The commonality and typicality requirements are closely related because they both help determine whether the claim of the named plaintiff and those of the class are so interrelated that the interests of the absent class members will be protected. *Id*. at 444.

A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his claims are based on the same legal theory. *American Medical*, 75 F.3d at 1082. The Court finds that Plaintiff's Eighth and Fourteenth Amendment claims arise from the same practice and course of conduct that gives rise to the claims of other potential class members and are, therefore, typical of the other purported class members as to that policy or practice.

5

As to adequate representation, the class representative must have common interests with unnamed members of the class and must be able to rigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d at 525. As indicated above, Plaintiff has common interests with unnamed members of the class. Defendant has given the Court no reason to doubt that Plaintiff will rigorously prosecute this action through qualified counsel and adequately protect the interests of the class members.

Accordingly, the Court finds that the typicality and adequate representation requirements have been met.

Rule 23(b)(2)

Plaintiff asserts that this class should be certified under Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Plaintiff seeks injunctive relief for the class as a whole and nominal compensatory damages to inure to the benefit of the class as a whole.[2]

Given that (1) Plaintiff's Eighth and Fourteenth Amendment claims arise from the same acts or refusals to act by Defendant; (2) the final injunctive relief and damages sought apply to the class as a whole, not individually; and (3) Plaintiff's claim for injunctive relief predominates over any claim for nominal compensatory damages, the Court finds that Plaintiff has met the requirements of Rule 23(b)(2).

---

[2] Defendant argues that a judicial review of excessiveness of bail under the Eighth Amendment requires individual evaluation of each bail decision and, therefore, the members of the class would not be entitled to the same general relief, if granted.

Pursuant to Rule 23(b)(2), the Court "may" direct that appropriate notice be given to the class. In this case, no such notice has been requested, and the Court finds that no such notice is required.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Class Certification (Docket No. 23) is GRANTED. Accordingly, in compliance with Fed. R. Civ. P. 23(c)(1), the Court certifies a class of those persons who, since March 3, 2008, have been, are, or will be presented to a Trousdale County judicial commissioner for the setting of bail.[3] The class issue to be determined is whether there a practice, pattern or policy within Trousdale County of unconstitutionally and arbitrarily setting bail. In addition, the Court appoints Jerry Gonzalez as class counsel.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] The future class members are included solely as to injunctive relief, not for purposes of any compensatory damages.