UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM TATE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HARTSVILLE/TROUSDALE COUNTY, ) ) Defendant. ) | Case No. 3:09-0201 Judge Campbell |

# ORDER

On October 14, 2010, this Court entered an Order (Docket No. 86) which dismissed Plaintiff's individual claims and gave the parties until November 1, 2010, to file supplemental briefs on Defendant's "Motion to Decertify Class" (Docket No. 80). The Court indicated that upon those filings, it would consider the request to decertify and whether there was a suitable substitute to serve as a class representative in the case.

In an accompanying Memorandum, the Court observed that while Defendant in its decertification motion raised many of the same arguments that were raised in opposition to the initial request for class certification, the case was in a different posture because Plaintiff's individual claims were being dismissed. In this regard, the Court wrote:

> Because a designated class has a status apart from that of the class representative, dismissal of the class representative claims "does not inexorably require dismissal of the class action," nor is the Court required to consider the unnamed class members' potential claims in the abstract. Smook v. Minnehaha County, 457 F.3d 806, 815 (8th Cir. 2006). Instead, the better course is to dismiss the class representative's meritless claims and consider substituting a class representative who can show injury. Id.; see, McAnaney v. Asotria Finan. Corp., 2007 WL 2702348 at *13 (E.D.N.Y. 2007)(fact that plaintiffs' "claims are no longer viable does not make the suit moot or necessarily undermine the claims of the

1

remaining class members" and "favored" procedure is not to decertify the class but to "afford[] plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative"); Martinez-Mendoza v. Champion Int'l. Corp., 340 F.3d 1200, 1216 (11th Cir. 2003)(even where district court granted summary judgment on class representatives' claims, court should have addressed class certification issue and determined whether named plaintiff was qualified to serve as class representative and, if not, "whether a member of the class is willing and qualified to serve as class representative"); Whitlock v. Johnson, 153 F.3d 380, 384 (7th Cir. 1998)(where class was certified, trial court properly refused to decertify class and instead sought to substitute class representative, even though named representative's claim failed on the merits). This procedure seems particularly appropriate here because Defendant has moved to decertify the class and a possible substitution can be considered in conjunction with that motion.

(Docket No. 85 at 125-15).

In both the Order dismissing Plaintiff's individual claims and the accompanying Memorandum, the Court stated it would consider the request to decertify in conjunction with determining whether there was a suitable substitute to serve as a class representative. (Docket No. 86 at 1; Docket 85 at 15 & 16). However, Plaintiff has opted not to name a new class representative, but instead argues that he can adequately represent the class, notwithstanding the fact that his claims have been dismissed on the merits.

Plaintiff argues that "once a class has been certified, 'the district court may decertify a class if there is a subsequent showing that the grounds for granting certification no longer exist or never existed.'" (Docket No. 94 at 2, quoting, McGee v. East Ohio Gas Co., 200 F.R.D. 382, 387 (S.D. Ohio 2007)). Plaintiff also argues that "when seeking decertification of the class, the defendant bears a heavy burden to show that there exist clearly changed circumstances that make continued class action treatment improper." (Id., emphasis in original). Those assertions actually support decertification in this case because there are changed circumstance that make the continuance of this class action improper – the initial basis upon which certification was granted no longer exists, to wit,

2

the existence of an identified suitable class representative to carry the torch.

Under Rule 23(a)(3), the claims of the representative parties must be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). That is, "'[t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct[.]" Beattie v. CenturyTel, Inc., 511 F.3d 554, 561 (6th Cir. 2007). Relatedly, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor means that "'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" Beattie, 511 F.3d at 562; accord, Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 594-95 (1997).

Further, "the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case." Sutton v. Hopkins County, 2007 WL 119892 at *3 (W.D. Ky. 2007). "'The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.'" Id. (citation omitted).; see, Barney v. Holzer Clinic, Ltd., 110 F.3d 1207, 1214 (6th Cir. 1997)(citation omitted)("duty to assay whether the named plaintiffs are adequately representing the broader class does not end with the initial certification; as long as the court retains jurisdiction over the case 'it must continue carefully to scrutinize the adequacy of representation and withdraw certification if such representation is not furnished'").

When the Court certified the class in this case, it found that Plaintiff's claims were typical because his "Eighth and Fourteenth Amendment claims ar[o]se from the same practice or conduct that [gave] rise to the claims of the other potential class members," and that Plaintiff would therefore

be an adequate representative since he had common interests with the unnamed members of the class. (Docket No. 40 at 5-6). That interlocutory finding, however, is now different based on a more fully developed record. The Court has found that Plaintiff is unable to establish an Eighth or Fourteenth Amendment deprivation. Unlike some possible unnamed class members, he suffered no constitutional injury. As such, Plaintiff is not in a position to pursue claims on behalf of those who may, in fact, have suffered such injury. See, Smook, 457 F.3d at 815 (decision that named representative has no claim against defendant "typically would disqualify h[im] as a class representative"); Whitlock, 153 F.3d at 384 (where class was certified based on plaintiff's complaint but plaintiff's claims were dismissed on summary judgment, plaintiff was no longer the appropriate class representative); McAnaney, 2007 WL 2702348 at *13 ("because the named plaintiffs are included in the category of class members who can no longer assert their . . . claims, the named plaintiffs are inadequate representatives of the instant class"). With the lack of a class representative, the lawsuit must be decertified as a class action.

The cases cited by Plaintiff do not counsel a different result. In Sosna v. Iowa, 419 U.S. 393 (1975), the Supreme Court was presented with a class action challenge to Iowa's one year residency requirement for divorce. By the time the matter reached the Supreme Court, the named representative's claims were mooted by the passage of time, but this did not moot the action because the controversy remained alive for the class of persons plaintiff had been certified to represent. However, Sosna cannot be read for the proposition that once an individual is deemed to be a suitable class representative, he remains so for all time. In fact, the Supreme Court in Sosna made clear that, in most cases, Article III requires "the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation," and that there must be a case or controversy which exists throughout

4

all stages of the lawsuit. Id. at 401-02. What Sosna stands for is that a class action has its own legal status and can continue even with the dismissal of the named class representative's claim, not that a class action can proceed *ad infinitum* (and regardless of the posture of the case) without a suitable class representative. See, Kifer v. Ellsworth, 346 F.3d 1155, 1156 (7th Cir. 2003)(citing Sosna but stating that "a class action suit cannot proceed in the absence of a class representative"); Culver v. City of Milwaukee, 277 F.3d 908, 912 (7th Cir. 2002)(under Sosna although mootness of named plaintiff's claim does not make unnamed class members' claims moot, "it makes him presumptively inadequate [to represent the class] . . . unless the defendant is executing a strategy of buying off class representatives successively in an effort to derail the suit"); Hadix v. Johnson, 182 F.3d 400, 406 n.3 (6th Cir. 1999)(under Sosna, while mootness of the original named plaintiff's claims does not moot the class action, there must still be a live controversy and, to satisfy Rule 23's concerns, "the appropriate solution would be for the district court to allow for the substitution of class representatives with live claims").

Plaintiff's reliance on a footnote in East Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395 (1977), and the Eleventh Circuit's application of that footnote in Scott v. City of Anniston, 682 F.2d 1353 (11th Cir. 1982), is also misplaced. In Rodriguez, the Supreme Court held that an uncertified class did not survive upon the dismissal of the named representative's claim, but in a footnote observed:

> Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives. In such a case, the class claims would have already been tried, and, provided the initial certification was proper and decertification not appropriate, the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims.

5

Rodriguez, 431 U.S. at 406 (citations omitted). That footnote contemplates dismissal of the named representative's claims at or after trial, and it was precisely because of this that the Eleventh Circuit in Scott found the case to "fit[] the footnote in Rodriguez. The claims common to the class were fully presented at trial and on appeal." Scott, 682 F.2d at 1356-57. Here, in contrast, there has been no trial and there is no longer a named representative presenting a claim against the Defendant. In such circumstances, the class can go forward, but only "with the substitution of appropriate class representatives." Whitlock, 153 F.3d at 384.

Rule 23(a) mandates that there be a class representative who presents claims that are typical of those he or she seeks to represent, and who will fairly and adequately present those claims. With the dismissal of his individual claims on the merits, Plaintiff William Tate is no longer in a position to meet those requirements. Accordingly, Defendant's "Motion to Decertify Class" (Docket No. 80) is hereby GRANTED and the class actions allegations are hereby DISMISSED WITHOUT PREJUDICE. Further, because Plaintiff's individual claims have previously have been dismissed, final judgment is entered on all claims and this action is dismissed. With these rulings, Defendant's pending Motion to Strike Tables (Docket No. 77) is hereby DENIED AS MOOT.

It is so ORDERED.

_____
Todd J. Campbell
United States District Judge

6